UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER 07-3346** |
| | * | |
| **A3M COMPANY, INC. D/B/A A3M** | * | **SECTION "T"  MAG 4** |
| **VACUUM SERVICE, INC., ALPHA** | * | |
| **TECHNICAL SERVICES, INC., AND** | * | District Judge: G. Thomas Porteous, Jr. |
| **OFS, INC.** | * | |
| | * | Magistrate Karen Wells Roby |

* * * * * * * * * * * * * * * * * * * * *

### OFS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY STAY OR TRANSFER

**MAY IT PLEASE THE COURT:**

*FACTUAL BACKGROUND*

This litigation is brought by an insurer, Scottsdale Insurance Company ("Scottsdale"), and seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202[1], regarding its duty to defend three named defendants, including OFS, Inc. ("OFS") in the matter entitled, *Rathborne Properties, L.L.C., et al versus Exxon Mobil Corp., et al*," number 2001-12081, Civil District Court for the Parish of Orleans, State of Louisiana ("the *Rathborne* state action" or "the state action"). *Rathborne* has been pending in state court for many years and involves allegations of

---

[1] In addition, Scottsdale is seeking "affirmative relief" consisting of reimbursement of all defense costs paid on behalf of defendants (including OFS) in connection with the *Rathborne* lawsuit, from the time it recognized its duty to defend. In fact, although acknowledging its duty to defend since 2001 (See attached Exhibit "1"), Scottsdale has refused and/or failed to pay any of OFS' defense costs relating to the *Rathborne* state action, notwithstanding requests/demands by OFS and/or other insurers of OFS.

contamination of property from Naturally Occurring Radioactive Materials ("NORM"), Technologically Enhanced Naturally Occurring Radioactive Materials ("TENORM"), and Technologically Enhanced Radioactive Materials ("TERM") relating to various pipe cleaning operations, primarily at property owned by the *Rathborne* plaintiffs.  By letter of September 7, 2001 (which included an attached Non-Waiver Agreement), Scottsdale recognized its duty to defend OFS in the *Rathborne* state action and specifically agreed to "participate" in the defense of OCA in *Rathborne*.  Notwithstanding its specific agreement regarding defending OFS, and despite requests by OFS and/or its other insurers, Scottsdale has failed and/or refused to pay or contribute to OFS' defense costs in *Rathborne*.   There are numerous other such NORM, TERM and/or TENORM litigations involving OFS (as well as the other defendants in this declaratory judgment action) and for some of which Scottsdale is paying defense costs, most of them pending in Civil District Court for the Parish of Orleans, but at least one in Jefferson Parish.  *See*, *e.g.,* Appendix "A" to Scottsdale's recent "new" reservation of rights letter to OFS, dated June 15, 2007, a copy of which is attached hereto as Exhibit "2."  All of these cases involve essentially the same type of allegations, brought either by landowners or individuals, and some as class actions.  The central issue in each of them is radioactive contamination of property as a result of various operations involving drill pipe.  In a number of those litigations, numerous liability insurers, including Scottsdale, have been named directly as parties.  Similarly, in the *Rathborne* state court action, multiple insurers have been sued directly as parties.[2]  OFS has now

---

[2] The insurers named as direct defendants to date in *Rathborne* include Executive Risk Indemnity Company, Employers Mutual Insurance Company, U. S. Fire Insurance Company, Interstate Fire Insurance Company, Zurich American Insurance Company of Illinois, Puritan Insurance Company, North River Insurance Company, The Gray Insurance Company, TIG Insurance Company, Travelers Casualty and Surety Company, The Standard Fire Insurance Company, American International Specialty Lines Insurance Company, First State Insurance Company, and now Scottsdale.

2

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

filed a motion seeking leave to file claims directly against Scottsdale. (See attached Exhibit "3," *in globo).*

It should be noted at the outset that Scottsdale chose to initiate this proceeding in this forum, rather than in the state action, even though it directly references same in its Complaint in this matter and, according to its Complaint, has been funding defense costs related to that litigation since 2001. Nowhere in the Complaint is there any explanation as to why Scottsdale could not have obtained such relief in the Orleans Parish litigation. Scottsdale has been aware of the *Rathborne* litigation at least as early as 2001, after OFS made demand for coverage and defense and Scottsdale sent OFS a reservation of rights letter. See Exhibit "1," with attachment.

## *DISCUSSION AND AUTHORITIES*

It is well settled that it is within a District Court's sound discretion in choosing whether to entertain a declaratory judgment action. *Certain Underwriters at Lloyd's London v. Gray*, 1997 WL 399606, p. 2 (E.D. La. 1997) (citing *Odeco Oil and Gas Co., Drilling Division v. Bonnette*, 4 F.3d 401 (5th Cir. 1993). The plain language of the Declaratory Judgment Act, 28 U.S.C. § 2201, makes clear that a court need not provide the declaratory relief requested. Additionally, the jurisprudence amplifies upon the court's discretionary power, even where the suit otherwise satisfies the court's subject matter jurisdiction. *See*, *Certain Underwriters at Lloyd's London*, 1997 WL at p. 2 (citing *Wilton v. Seven Fails Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995).

The Fifth Circuit has pronounced that when a state lawsuit is pending, more often than not, a court's entry of a declaratory judgment is tantamount to issuing an injunction – providing

3

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act.[3] *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774 (5th Cir. 1993) (citing *Texas Employers' Ins. Ass'n. v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (*en banc*), cert. denied, 490 U.S. 1035, 109 S.Ct. 1932 (1989).

District Courts have a broad, but not unfettered, measure of discretion in deciding whether to entertain an action for a declaratory judgment. In cases where there is a pending state court proceeding involving a similar or related claim, the district court must ascertain whether the questions in controversy between the parties to the federal suit can be better settled in a proceeding pending in state court, and in so doing must balance the purpose of the declaratory judgment act with the factors relevant to the abstention doctrine. *Dow Agrosciences, L.L.C. v. Bates*, 332 F.3d 323 (5th Cir. 2003); *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994); *Travelers Ins. Co. v. La Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993). The factors to be considered are:

   1)   Whether there is a pending state action in which all the matters in controversy may be fully litigated;

   2)   Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

   3)   Whether the plaintiff engaged in forum shopping in bringing the suit;

   4)   Whether possible inequities in allowing the declaratory plaintiff to gain precedence and time or to change forums exist;

   5)   Whether the federal court is a convenient forum for the parties and witnesses;

---

[3] The Anti-Injunction Act provides that õa court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.ö 28 U.S.C. 2283.

4

6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom a parallel state suit between the same parties is pending.[4]

OFS will discuss each factor herein.

***There is a pending state action available.***

This first factor is of paramount concern. *See **State Farm Mutual Automobile Insurance Co. v. Thayer, 2001 WL 224808 (E.D. La. 2001)*** (citing ***American Fidelity Insurance Co. v. Acadian Geophysical Services, Inc., 1997 WL 786233 (E.D. La. 1997)***). Indeed, "it is well recognized that unnecessary interference with state court litigation should be avoided." ***State Farm Mutual Automobile Insurance Co. v. Thayer***, **2001 WL 224808 at 2** (citing ***Wright, Miller & Kane, <u>Federal Practice and Procedure Civil 3d</u>, § 2758***). The Fifth Circuit has repeatedly pronounced that "declaratory judgment relief may be denied...because of a pending state court proceeding in which the matters in controversy may be fully litigated . . . ." ***State Farm Mutual Automobile Insurance Co. v. Thayer***, **2001 WL 224808 at 2** (citing ***Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991))***. See ***Omega Protein, Inc. v. Briscoe, 2000 WL 777910 (E.D. La. 2000)*** (existence of a pending state court proceeding weighs heavily in favor of dismissal); ***First Financial Insurance Co. v. Delta Contracting Enterprises, Inc., 1999 WL 1021440 (E.D. La. 1999)*** (declaratory judgment action dismissed when all matters can be fully litigated in state court proceedings).

---

[4] *See, e.g., American Security Insurance Company v. Muhammed*, 2007 WL 1166099 (E.D. La); In *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995), the U. S. Supreme Court stated that the district court's decision to exercise its discretion comes down to considerations of practicality and wise judicial administration.

5

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

This Honorable Court need go no further than the first page of the Complaint to see that there is a specific state court litigation proceeding from which Scottsdale seeks to escape its duty to defend, namely, the *Rathborne* state action. This complex case has been litigated in state court since 2001. There are numerous such litigations, all involving essentially the same issues, albeit involving different plaintiffs and in some cases different parties, but the point is that there is absolutely no reason why Scottsdale could not have sought declaratory relief in that litigation from which it seeks to escape its duty to defend.[5]

The state action began on August 25, 2001. Scottsdale has known about the state court action (and, according to its Complaint, paid defense costs for parties therein) for some six years! The state court has presided over this matter for many years, adjudicating extensive discovery requests and motions and will adjudicate numerous coverage and defense issues involving multiple insurers. The state court is intimately familiar with the facts of this case and well equipped to handle the matters in controversy among the parties in this case.

***Scottsdale filed suit in anticipation of being named.***

The second abstention factor inherently recognizes that in some cases when the declaratory plaintiff is the first to file, the Court should, nonetheless, abstain from hearing the declaratory judgment suit. ***Travelers lnsur. Co. v. Louisiana Farm Bureau Federation, 996 F.2d at 779, n. 15.*** See also, *R & B Falcon Drilling v. Johnson*, 2002 WL 27759 (E.D. La. 2002). This case presents that conclusion.

There is little doubt at this point that Scottsdale filed this matter as a "preemptive strike." The fact that it filed in federal court at all strongly suggests that that was the motive. Otherwise, Scottsdale could have filed in Orleans Parish and sought the identical relief sought herein. After

---

[5] Indeed, in addition to *Rathborne*, in which Scottsdale is being added as a direct defendant, it is already a direct defendant in other similar cases involving OFS. See Exhibit "2," Appendix "A."

6

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

recognizing its duty to defend and paying defense costs for certain parties (but not OFS) for some six years, and while aware that OFS was likely to amend their pleadings in state court to add Scottsdale as a direct defendant, it raced to the Eastern District and filed this Complaint. Scottsdale filed its federal Complaint shortly before OFS sought leave to add Scottsdale as a direct third-party defendant. Scottsdale's timing was a deliberate and an intentional race to the courthouse that it selected in anticipation of a lawsuit filed against it. "Using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purposes of the Declaratory Judgment Act and should not be countenanced." ***Travelers Insur. Co. v. Louisiana Farm Bureau Federation, , 996 F.2d at 777, fn. 7*** (citing ***Dresser Indus., Inc. v. Insurance Co. of North America, 358 F. Supp. 327 (N.D. Tex.1973);*** *aff'd*, 475 F.2d 1402 (5th Cir.1973); Moore, <u>Moore's Federal Practice</u> ¶ 57.08[5] (2d ed. 1991); Wright & Miller, <u>Federal Practice and Procedure</u> § 2758 (2d ed. 1983))*. The Court should not countenance the gambit by Scottsdale.

### *This is forum shopping.*

For the same reasons already stated, there is little doubt that Scottsdale, by filing this case rather than proceeding in the *Rathborne* matter, is forum shopping. Frankly, there can be no other explanation for its motive.

### *There are possible inequities that may result*.

This Court has previously recognized that possible inequities exist in allowing an insurer to bring a declaratory judgment action where the decision of this Court on the coverage issue will have an effect on the state court action. The Declaratory Judgment Act is not to be used to bring into the federal courts an affirmative defense that can be asserted in a pending state court action. ***State Farm Mutual Automobile Insurance Company v. Thayer***, 2001 Westlaw, 224806 at 3

7

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

(citing *International Association of Entrepreneurs of America v. Angoff*, 58 F.3d 1266 (8th Cir. 1995).  See **Wright, Miller & Kane, <u>Federal Practice and Procedure Civil</u> 3d, § 2758, at 521** (It is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in the state action.).

If Scottsdale is allowed to proceed to a declaratory judgment in this case, when it could have proceeded in Civil District Court, the federal action could proceed at a faster pace than the remaining litigation might proceed in state court, and there could very easily be a situation of putting the horse before the cart.  Multiple state courts will be ruling on the same insurance issues, including the purported pollution exclusions, put forth by Scottsdale in its Complaint.  There are various other litigations in which Scottsdale's insurance obligations will come to a head.  Thus, the Civil District Court is the best place to decide any coverage issues, since the judges there are already familiar with all of the relevant facts and circumstances, including numerous claims against multiple insurers.

### *This is not a convenient forum.*

Just to get up to speed to decide the issues allegedly raised herein, this Honorable Court would have to spend enormous amounts of time and effort.  The state judges, on the other hand, have been "living" with these cases for a number of years.  Thus, in terms of judicial convenience, there is little doubt that this matter should proceed in state court, rather than this forum.

With respect to the parties and witnesses, there is little difference either way.  A few blocks between the two courthouses is hardly justification for this forum.

### *Judicial economy is not served herein.*

Judicial economy often weighs in favor of dismissal when there is a pending state court

8

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

action where the issues in the federal Complaint can be fully adjudicated. This Court has recognized that judicial economy will be best served if all claims are heard in a single proceeding. *See, e.g.,* **Aquatica v. Elwell, 2001 WL 238212, p. 2 (E.D. La.)** (The Court noted that it would be uneconomical to render a decision duplicative in nature, and to force both parties to litigate in two different forums at the same time.).

The relief that Scottsdale seeks requires this Court to duplicate the efforts of the state court in evaluating the facts of this case, the nature of the allegations, and the applicability of various insurance policies. Coverage under an insurance policy cannot be evaluated in a vacuum. The allegations against OFS (and the other defendants herein) are extremely complex, and the numerous insurance policies issued to OFS create equally complex issues for resolution. Extensive discovery, motion practice, and settlement negotiations have already transpired in this matter, all of which were presided over by the Civil District Court for the Parish of Orleans. Consequently, judicial economy would best be served by dismissing this Complaint and requiring Scottsdale to assert its defenses in the state court proceeding.

For much the same reasons, requiring this Honorable Court to come in more or less at the tail end and start deciding coverage issues, which would necessarily entail having this Honorable Court spend enormous time and effort to õget up to speed,ö is the farthest thing from judicial economy. Indeed, many insurers, including Scottsdale, have already been directly named in the various state court litigations, so coverage issues are necessarily already a part of those litigations. Indeed, Scottsdale has now been named as a direct defendant in the *Rathborne* state action. Singling out Scottsdaleøs claims rights in *Rathborne*, to decide them here, makes no judicial sense at all.

***There are no relevant federal judicial decrees.***

9

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

To the best of OFS' knowledge, no federal courts have yet been called upon, until this matter, to decide any NORM coverage issues such as those presented.  On the other hand, the state courts have been asked to do so, and as referenced herein, there are numerous cases pending in which insurers have raised coverage issues.  Indeed, there are coverage issues already raised in the *Rathborne* litigation, the very litigation referenced by Scottsdale herein.  At some point, the *Rathborne* court must decide coverage issues brought against Scottsdale and the other insurers, and thus there is the risk of inconsistent decisions should this Honorable Court decide to go forward.

## CONCLUSION

It is evident that Scottsdale could have no motive whatsoever for instituting this litigation other than forum shopping, given that it has directly referenced the state *Rathborne* state action involving similar issues, in which there are already coverage disputes involving other insurers that have been named directly, and now Scottsdale.  Scottsdale has been aware of the state court proceeding since 2001 and, according to its Complaint, has funded defense costs relating to that litigation for multiple parties for some six years.  OFS has now sought leave to add Scottsdale as a direct third-party defendant in the *Rathborne* state action.

Considering the applicable factors, it is clear that this litigation should not be allowed to go forward.  This Honorable Court should exercise its discretion to abstain, and dismiss this matter outright.  There is no reason whatsoever that Scottsdale cannot proceed to seek the same relief sought herein in state court.  Alternatively, this matter should be transferred or stayed pending the outcome in the *Rathborne* litigation.

For these reasons, the motion should be granted.

10

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\070813 Memo in Support of Motion to Dismiss or Stay.doc

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

*/s/ Marguerite K. Kingsmill*

Marguerite K. Kingsmill (#7347)
Charles B. Colvin (#4352)
Thomas P. Henican  (#19292)
John V. Nguyen (#30651)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile:  (504) 581-3310

*Attorneys for OFS, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2007, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss or Alternatively Stay with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Marguerite K. Kingsmill*