UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 07-3346 |
| | * | |
| A3M COMPANY, INC. D/B/A A3M | * | SECTION "T"  MAG 4 |
| VACUUM SERVICE, INC., ALPHA | * | |
| TECHNICAL SERVICES, INC., AND | * | District Judge: G. Thomas Porteous, Jr. |
| OFS, INC. | * | |
| | * | Magistrate Karen Wells Roby |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OFS' REPLY MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS OR ALTERNATIVELY STAY OR TRANSFER

**MAY IT PLEASE THE COURT:**

Scottsdale Insurance Company ("Scottsdale"), in its opposition, essentially accuses OFS, Inc. ("OFS") of acting improperly by filing its recent pleadings against Scottsdale in Civil District Court for the Parish of Orleans, allegedly only in response to this litigation, suggesting that OFS should not have waited so long to do so, if its claims had merit.  Perhaps, the shoe belongs on the other foot.  Why did Scottsdale wait so long to litigate a coverage issue, that is **already before the state courts**, in a previously uninvolved forum?

Indeed, as per Exhibit 1 attached hereto, the state court granted OFS permission to proceed with its third-party claim against Scottsdale.  Whether Scottsdale likes it or not, that claim has been asserted and is proceeding in Civil District Court.  The question this Honorable

Court should really ask is why Scottsdale is making a claim for restitution at all, which it has repetitively argued in its opposition to this motion, when it paid nothing on OFS' defense in this particular litigation (*Rathborne*)?

Scottsdale could have asserted these declarative relief claims at any time it wanted, but its timing of instituting this litigation was no coincidence. It is Scottsdale who "fired the first shot," so to speak. OFS does not contend that Scottsdale has engaged in improper forum shopping merely by filing this litigation. Rather, it is suggested that this is improper forum shopping because there was a readily available state court forum that already has a "relationship: with the various litigations.

It seems perfectly obvious that Scottsdale filed this litigation in this forum seeking to get a preemptive declaratory ruling on coverage, which it will then unquestionably try to use against insureds in the state court litigations, and that other insurers may try to use as well against their own insureds. Many of those insurers are already providing a defense to their insureds, and indeed Scottsdale has provided a defense to OFS in other litigations, but not, for some reason, this one, in spite of its agreement to do so with a reservation of rights. Numerous insurers, as pointed out in the prior memorandum, have already been named as direct defendants in *Rathborne*, and in other similar litigations. Just as OFS' recent assertion of its claim against Scottsdale, those claims, and the related and inherent coverage issues, are going to be litigated in the Civil District Court. It is odd that Scottsdale has chosen a forum that up until now has had absolutely nothing to do with any of these cases involving NORM; it smacks of forum shopping. If anything, OFS' filing against Scottsdale in state court has put before that court another coverage dispute that is highly similar, if not identical, to the coverage disputes that are already inherent in the various litigations, including *Rathborne*. OFS did not "manufacture" any new

2

issues that were not already there in the various NORM litigations.  If anything, it is Scottsdale who "manufactured" new litigation, by seeking herein not just declaratory relief, but restitution, when it has paid nothing.

To summarize, this Honorable Court should ignore Scottsdale's claim for restitution vis-à-vis OFS, because there is no factual basis for same.  Scottsdale is trying to get this Honorable Court to issue a coverage ruling, when the virtually same coverage issues are already before the judges in Civil District Court and must be resolved there in any event.  It is inappropriate and unfair, not just to OFS, but to all similar insureds, to allow Scottsdale to obtain a declaratory ruling in this Court, which it and the other insurers may then try to use in the state court litigations, particularly given that the other insureds who may be affected by such a ruling are not presently before this Honorable Court.  Indeed, the two other defendants named herein have not even filed responsive pleadings.  **If the insurers want to litigate the coverage dispute, then they should do so in the forum where everything else has proceeded thus far.**

For these reasons, and those suggested previously, this Honorable Court should dismiss this entire case, so that the coverage issues can be litigated in the forum where they have already been asserted.  Alternatively, as to OFS, this Honorable Court should sever and dismiss any claims against OFS to allow those to proceed in Civil District Court, or should alternatively stay the entire matter.   The motion should be granted.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

*/s/ Charles B. Colvin*
Marguerite K. Kingsmill (#7347)
Charles B. Colvin (#4352)
Thomas P. Henican  (#19292)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile:  (504) 581-3310

*Attorneys for OFS, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of October, 2007, I electronically filed the foregoing Reply Memorandum in Support of Motion to Dismiss or Alternatively Stay with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Charles B. Colvin*

4

S:\OFS, Inc. - 1150\001 Rathborne\Pleadings - Scottsdale - USDC 07-3346\071010 Reply Memo in Supp of Mtn to Dismiss or Stay.doc