UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTTSDALE INSURANCE COMPANY — CIVIL ACTION

VERSUS — NO: 07-3346

A3M COMPANY, INC. ET AL. — SECTION: "R"(4)

**ORDER AND REASONS**

Before the Court are the motions to dismiss, stay, or transfer of defendants OFS Inc. ("OFS") and Alpha Technical Services, Inc. ("Alpha Technical"). For the following reasons, the Court DENIES defendants' motions.

## I. BACKGROUND

Plaintiff, Scottsdale Insurance Company, sued defendants, A3M Company Inc., Alpha Technical, and OFS, seeking a declaratory judgment under 22 U.S.C. §§ 2201 and 2202 that Scottsdale does not have a duty to provide defendants with a defense to a lawsuit brought against them by Rathborne Properties, L.L.C., Rathborne Land Company, L.L.C., and Rathborne Companies, L.L.C. (collectively, "Rathborne") in the Civil District Court for the Parish of Orleans. *See Rathborne Properties, L.L.C. et al. v. Exxon Mobil Corp. et al.*, No. 2001-12081 ("Rathborne lawsuit"). Scottsdale further seeks reimbursement for all defense costs it has paid on defendants' behalf related to the Rathborne lawsuit.

The Rathborne litigation began in August of 2001. Rathborne owns property in Jefferson Parish, Louisiana that was contaminated with Technologically Enhanced Naturally Occurring Radioactive Materials ("TENORM"), Naturally Occurring Radioactive Materials ("NORM"), and/or Technologically Enhanced Radioactive Materials ("TERM"). Rathborne sued A3M, Alpha Technical, and OFS alleging that they used oilfield pipe on the Rathborne property that contained TENORM, NORM, and/or TERM, and that in the course of cleaning this pipe they released TENORM, NORM, and/or TERM-contaminated pipe scale, and that these hazardous substances accumulated on and contaminated the Rathborne property. Rathborne seeks to recover the costs it incurred to test for, monitor and clean up TENORM, NORM and/or TERM contamination on the Rathborne property that were caused by the defendants' pipe cleaning activities thereon, as well as compensatory and punitive damages.

In Scottsdale's federal suit for declaratory relief, filed in June of 2007, it alleges that it has no duty to defend A3M, Alpha Technical, or OFS in the Rathborne lawsuit because the allegations against them are excluded under Scottsdale's insurance policies by its pollution exclusion clause.

On August 10, 2007, OFS moved to add Scottsdale as a third-party defendant in the Rathborne lawsuit. On August 13, 2007, OFS filed a motion to dismiss, or alternatively to stay or

transfer the federal action. On November 20, 2007, Alpha Technical moved to add Scottsdale as a third-party defendant in the state court litigation. One day later, on November 21, 2007, Alpha Technical filed a motion to dismiss, or alternatively to stay or transfer the federal action, adopting the arguments made by OFS in its motion. On March 12, 2008, the case was transferred to Section "R." The Court rules on the motions to dismiss, stay, or transfer as follows.

## II. ANALYSIS

Federal courts have a "virtual unflagging obligation ... to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "However, in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding ..." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 813). The court's decision whether to abstain should be based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

For a court to abstain from exercising jurisdiction under the *Colorado River* doctrine, it first must find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when the same parties are litigating the same issues. *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

The Court does not find that the federal and state court proceedings are parallel. Although all of the parties are named in the state and federal cases, the federal action involves different issues. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002) (finding that suits are parallel when they "involve the same parties and the same issues") (internal quotation omitted). Scottsdale's declaratory judgment action and restitution claim against A3M is not at issue at all in the state court litigation. Further, Scottsdale's restitution claims against Alpha Technical and OFS are not part of the state court litigation.[1] In *American Guarantee Liability Insurance Company v. Anco Insulations*, 408 F.3d 248 (5th Cir. 2005), an insurance company brought an action in federal court seeking both a declaration of its liabilities under insurance

[1] Although OFS contends that Scottsdale's restitution claim is inapplicable because it has not actually paid any defense costs in the Rathborne litigation, Alpha Technical admits that Scottsdale paid its defense costs in the state court litigation.

policies it issued and restitution for amounts already paid to defend or indemnify its insured in a state court action. The Fifth Circuit found that the federal and state proceedings were not parallel. *Id.* at 252. One of the factors the Fifth Circuit considered in reaching this conclusion was that the state action did not encompass the insurer's claim for restitution. *See id.*

Even if the federal and state court cases were parallel, defendants fail to satisfy the *Colorado River* test for abstention. Although OFS has moved the Court to dismiss, transfer, or stay the case on the basis of the factors the Supreme Court set forth in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Court finds that the proper abstention analysis is under *Colorado River*, as Scottsdale has requested more than declaratory relief in its complaint. *See, e.g., Diamond Offshore*, 302 F.3d at 540 (finding that where a plaintiff seeks both declaratory and monetary relief, "applying the abstention standards for declaratory judgment actions would be inappropriate"); *see also American Guar. & Liability Co.*, 408 F.3d at 250-51 ("If the suit involves a request for monetary or other relief, the district court's discretion to stay is narrowly circumscribed by its obligation to hear cases within its jurisdiction, even if declaratory relief is also requested, and the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River* ...").

Under the *Colorado River* analysis, the Court must determine whether exceptional circumstances exist that would permit the court to decline jurisdiction in the instant matter. *See Murphy*, 168 F.3d at 738. The Supreme Court has set forth six factors to guide this inquiry: (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy*, 168 F.3d at 738. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The factors are to be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The Court now applies the *Colorado River* abstention factors to the federal and state actions in this matter.

*(1) Assumption by Either Court of Jurisdiction Over a* Res

Neither this Court nor the state court has assumed

jurisdiction over any *res* or property in this case. The absence of this factor, however, is not neutral. *Murphy*, 168 F.3d at 738. Rather, it weighs against abstention. *Id.*

*(2) The Relative Inconvenience of the Forums*

Both the federal and state proceedings are located in Orleans Parish. Therefore, neither forum is more or less convenient than the other. The absence of this factor weighs against abstention. *Id.*

*(3) The Avoidance of Piecemeal Litigation*

The federal and state actions involve some of the same parties, and some of the same issues. To the extent that Scottsdale's duty to defend and indemnify Alpha Technical and OFS in the Rathborne litigation will be dealt with in both the state and federal lawsuits, the litigation at issue is merely duplicative, not piecemeal. *See id.* "The prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817). Rather, "*[d]uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea Inv., Ltd. v. United*

*Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (emphasis in original). The animating concern here is the "danger of inconsistent rulings with respect to a piece of property." *Id.* at 650-51. As there is no *res* involved in this case, no such danger exists. Finally, "[s]hould one court render judgment before the other, *res judicata* will ensure proper order." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 499 (5th Cir. 2002). Accordingly, this factor weighs against abstention. *See Black Sea*, 204 F.3d at 651.

*(4) The Order in Which Jurisdiction Was Obtained by the Concurrent Forums*

The Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the federal court action was filed approximately two months before OFS sought leave to amend its complaint to sue Scottsdale as a third-party defendant in the state court litigation, and about five months before Alpha Technical sought leave to amend its state court complaint. As discussed above, there is no parallel litigation in state court with respect to A3M. Although the Rathborne lawsuit has been going on for over six years, Scottsdale has been

a party to the Rathborne litigation for only about seven months.[2] Scottsdale avers in its brief that no discovery has taken place on Scottsdale's duty to defend in the state court proceeding. Finally, the defendants in the federal suit did not seek to bring Scottsdale into the state court litigation until *after* Scottsdale filed the federal action. As these issues were first raised in the federal proceeding, and it does not appear that either proceeding has progressed very far on the issue of coverage, the Court finds that this factor weighs against abstention. *See Kelly Inv.*, 315 F.3d at 499; *see also Murphy*, 168 F.3d at 738-39 (finding that where the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention).

*(5) Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits*

This action is governed by Louisiana contract law. The mere fact that no federal law issue exists does not, alone, weigh in favor of abstention. *Evanston*, 844 F.2d at 1193. The presence of exclusively state law issues "weighs in favor of surrender only in rare circumstances." *Id.* As the Supreme Court has stated, "the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice

[2] At the time the parties briefed OFS's motion, OFS had not yet served Scottsdale in the state court action.

under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone*, 460 U.S. at 26. Here, the issues of state law are basic contract interpretation questions, and the defendants have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral. *See Black Sea*, 204 F.3d at 651.

*(6) The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction*

This final factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Both the federal action and the Rathborne lawsuit are governed by state contract law. Plaintiffs will have adequate protection in state court. As such, this factor is neutral.

*Summary of Colorado River Factors*

That this is not a lawsuit involving parallel parties or proceedings weighs against abstention. Further, four of the *Colorado River* factors clearly weigh against abstention, while two are neutral. No factor supports staying the federal court action. Given that the balancing of the *Colorado River* factors already "is heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, it is clear that a dismissal, transfer, or stay of the federal court action is not appropriate at this time.

## III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss, stay, or transfer (R. Docs. 8, 23), are DENIED.

New Orleans, Louisiana, this 19th day of March, 2008.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT COURT